UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YEFFERSON RODOLFO TELLO QUINTEROS, A-241-311-079,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-3372-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Yefferson Rodolfo Tello Quinteros is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition, respondents' opposition, and petitioner's reply are before the court. (ECF Nos. 2, 7, 8.) This matter was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the petition be granted and petitioner be provided a bond hearing.

**I.    Background**

Petitioner is a citizen and national of Ecuador. (ECF No. 2, ¶ 19.) Petitioner alleges he worked as a taxi driver in Ecuador and was falsely implicated in a drug trafficking scheme orchestrated by police officers, after which he fled his native country. (Id., ¶¶ 20-21.) Petitioner entered the United States without inspection on or about October 24, 2023, was encountered by U.S. Border Patrol on or about October 25, 2023, and was placed in expedited removal

1

proceedings. (Id., ¶¶ 19, 35.) He has been detained continuously since then. (Id., ¶ 46.)

After petitioner expressed a fear of returning to Ecuador, he was referred to an asylum officer and received a credible fear interview on December 1, 2023. (ECF No. 2, ¶ 36.) The asylum officer made a positive credible fear determination. (Id.) On December 16, 2023, petitioner was issued a Notice to Appear and placed in removal proceedings. (Id.)

On May 14, 2024, petitioner received a custody redetermination hearing pursuant to 8 C.F.R. 1236. (ECF No. 7-1.) The immigration judge (IJ) found the government met the burden to demonstrate petitioner posed a flight risk, and stated alternatives to detention were considered but were not sufficient to mitigate petitioner's risk of flight. (Id.) No explanation was provided for these findings. (See id.) Although the IJ order indicates petitioner reserved appeal, the record contains no indication petitioner appealed the decision and no indication petitioner was provided any further custody redetermination hearing since that date.

On April 29, 2025, the IJ denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. (ECF No. 2, ¶ 38.) Petitioner appealed to the Board of Immigration Appeals which upheld the IJ's findings. (Id., ¶¶ 39-42.) On March 5, 2026, petitioner filed a petition for review with a stay of removal to the United States Court of Appeals for the Ninth Circuit. (Id., ¶ 43.) Petitioner's opening brief was due May 26, 2026. (Id., ¶ 45.)

Petitioner initiated this case on May 1, 2026, and brings a single claim asserting a violation of his Fifth Amendment right to due process. (ECF No. 2 at 20.) Petitioner seeks immediate release, or, in the alternative, a hearing before an immigration judge where, in order to justify continued detention, the government must establish by clear and convincing evidence he presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any such risk. (Id. at 21.)

Respondents contend petitioner is lawfully detained and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (ECF No. 7.) Petitioner filed a reply. (ECF No. 8.)

////

////

2

## II.   Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006) ("[In] cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds.").

## III.   Discussion

Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and has no statutory right to a hearing as to his detention. However, petitioner contends the government cannot justify his detention by pointing solely to the mandatory language of the statute and asserts his ongoing prolonged detention violates due process. (ECF No. 2, ¶¶ 54, 76.) Although petitioner acknowledges in the reply brief that he previously received a bond hearing, he argues his continued confinement for more than two years is prolonged and therefore requires a renewed justification consistent with due process. (ECF No. 8 at 2.)

The Supreme Court has left open the question whether due process requires that persons in prolonged mandatory immigration detention receive individualized bond hearings. See Rodriguez v. Marin, 909 F.3d 252, 255 (9th Cir. 2018) (citing Jennings v. Rodriguez, 583 U.S. 281 (2018)). The Ninth Circuit has expressed reservations as to whether a noncitizen may be detained for an unreasonably prolonged period, even where they are detained pursuant to a statute requiring their mandatory detention. Rodriguez v. Marin, 909 F.3d at 256 ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). "While neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a noncitizen's detention

3

becomes constitutionally impermissible, nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Nasar v. Warden of California City Det. Ctr., No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *3 (E.D. Cal. Mar. 13, 2026) (internal quotation marks, brackets, and citation omitted).

As set forth above, in this case, petitioner has received a bond hearing. Thus, the court considers whether due process requires a second bond hearing. See Nasar, 2026 WL 731160, at *3 (citing collected cases and explaining "several courts in the Ninth Circuit have found that due process requires a second bond hearing when a noncitizen subject to mandatory detention has been held for a prolonged period following the initial bond determination").

Courts examine procedural due process claims in two steps. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909 F.3d at 256. Noncitizens maintain a well-established liberty interest in their freedom from detention. Zadvydas, 533 U.S. at 693. Petitioner has a protected liberty interest at stake.

To determine whether petitioner received process due with respect to that protected liberty interest, the court utilizes the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). More specifically, petitioner has a substantial private interest in

4

being provided with a renewed procedure by which he can argue for his release pending removal proceedings. Petitioner has been detained for more than two years and has not been provided with the opportunity to argue for his release in the last two years.

As for procedures in place, there do not appear to be any at this point which would mitigate against the risk of arbitrary prolonged detention. See Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) ("[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers") (citing Padilla–Padilla v. Gonzales, 463 F.3d 972, 977 (9th Cir. 2006)). Nor does it appear petitioner will be afforded another bond hearing at any point in the future given that respondents maintain he is subject to mandatory detention and not entitled to such a hearing. Thus, petitioner's only available process for his prolonged detention due process claim is through a habeas petition. A bond hearing before an IJ would serve to mitigate the risk of erroneous deprivation because it would require the government to establish petitioner presents a flight risk or danger to the community if released. While an IJ previously determined petitioner was a flight risk, the IJ did not indicate what facts informed that determination, and therefore the court cannot determine whether any additional or new evidence may be considered in a subsequent bond hearing. See Nasar, 2026 WL 731160, at *5.

Finally, the government has an interest in protecting the public from noncitizens who have been determined to be dangerous, and in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208 (citing Demore v. Kim, 538 U.S. 510, 515, 528). However, respondents' interest in petitioner's continued detention without a second bond hearing is low. As noted above, the only permissible reason for petitioner's continued detention is his risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Respondent does not assert providing petitioner with a bond hearing would be particularly burdensome or that petitioner's continued detention is necessary for any particular reason.

Being required to provide petitioner a bond hearing will not undercut the government's interests. Limiting detention to noncitizens who are shown to be either dangerous or a flight risk may serve the public's interest, and the government's interest, by limiting the fiscal and administrative burdens attendant to immigration detention. See Hernandez, 872 F.3d at 996 (noting the "staggering" costs to the public of immigration detention as compared to supervised release programs). Thus, the government's interest is minimal in detaining petitioner further without another hearing to determine whether the detention is justified.

The relevant factors, considered together, favor petitioner. The undersigned will recommend the petition be granted and petitioner receive a bond hearing before an immigration judge at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention. See Black v. Decker, 103 F.4th 133, 157 (2nd Cir. 2024) (noting that where an individual's liberty is at stake due to continued detention, the Supreme Court has consistently used a clear and convincing evidentiary standard).

**IV.     Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The petition for writ of habeas under 28 U.S.C. § 2241 be GRANTED to the extent that respondents be ordered to provide, within seven (7) days of adoption of these findings and recommendations, petitioner YEFFERSON RODOLFO TELLO QUINTEROS (A-241-311-079) a bond hearing before an Immigration Judge at which the government bears the burden of showing by clear and convincing evidence that petitioner is either a flight risk or danger to the community to justify his continued detention.

2.  Petitioner's request for relief in the form of a temporary restraining order prohibiting respondents from moving him to a facility outside this district pending the outcome of these proceedings be denied as moot.

3.  Petitioner's request for relief in the form of a temporary restraining order ordering his immediate release from custody be denied as unsupported.

4.  Petitioner's request for attorney's fees be denied without prejudice to the filing of a properly noticed and supported motion.

5.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days (7) after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 2, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 quin3372.mer